866 F.2d 431
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harlan L. THURMAN, Petitioner,
v.
QUEEN ANNE COAL COMPANY; Federal Mine Safety and Health
Review Commission, Respondents.
 No. 88-3210.
 United States Court of Appeals, Sixth Circuit.
 Jan. 20, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Petitioner Harlan L. Thurman appeals the decision of the Federal Mine Safety and Health Review Commission (Commission) affirming the Administrative Law Judge's (ALJ) dismissal of petitioner's claim under Sec. 105(c) of the Federal Mine Safety and Health Act, 30 U.S.C. Sec. 815(c). Because we find the Commission's decision supported by substantial evidence, we affirm the dismissal of petitioner's claim.
 
 
 2
 Petitioner worked as a miner for respondent Queen Anne Coal Company for approximately three years until March 1986. On March 6, 1986, petitioner left his job early and without notice because, he claims, he feared for his safety due to alleged harassment by three fellow night-shift employees and because of alleged safety violations by Queen Anne in operating the coal mine in which petitioner worked. The primary safety violation alleged was the failure to provide an outside person on watch while petitioner and others worked underground in the mine. Petitioner had not made any prior complaints to Queen Anne of harassment or safety violations. On March 10, petitioner and his wife met with Bob Swisher, mine president and part-owner of Queen Anne, who agreed, after hearing petitioner's complaints, to arrange a meeting with petitioner's co-workers.
 
 
 3
 On March 13, Swisher held a meeting with petitioner and his co-workers, at which petitioner repeated his allegations. His co-workers admitted they had engaged in "horseplay," but denied harassing petitioner. Swisher admonished the co-workers and said he would not tolerate "horseplay." At the end of the meeting, Swisher suggested that petitioner return to his position on the night shift and petitioner apparently agreed to do so.
 
 
 4
 Later, however, petitioner returned to Swisher's office and said he could not continue to work on the night shift. Swisher instructed the mine superintendent to try to find petitioner a position on the day shift. The mine superintendent was unable to persuade any day-shift workers to switch to the night shift, but he told petitioner of a day-shift opening at S & H Coal Company, a nearby coal company also part-owned by Swisher. Petitioner never returned to work at Queen Anne nor did he seek employment at S & H.
 
 
 5
 In June 1986, petitioner filed a discrimination complaint under 30 U.S.C. Sec. 815(c) with the Department of Labor, Mine Safety and Health Administration (MSHA). The MSHA determined that there had been no violation of the Mine Act and it declined to prosecute a claim on petitioner's behalf.
 
 
 6
 In August 1986, petitioner filed a claim of discrimination on his own behalf under 30 U.S.C. Sec. 815(c)(3). In this complaint, petitioner alleged harassment and safety violations, but he made no allegation of any adverse action taken by Queen Anne against him in retaliation for his safety complaints. After an evidentiary hearing the ALJ dismissed petitioner's complaint, finding that petitioner failed to establish a prima facie case of discrimination because there was no showing that Queen Anne had taken any retaliatory action against petitioner. The Federal Mine Safety and Health Review Commission affirmed the dismissal and this appeal followed.
 
 
 7
 Factual findings of the Federal Mine Safety & Health Review Commission are conclusive if supported by substantial evidence in the record considered as a whole. 30 U.S.C. Sec. 816(a)(1). 30 U.S.C. Sec. 815(c)(1), the anti-retaliation section of the Federal Mine Safety and Health Act, 30 U.S.C. Secs. 801 et seq., forbids the discharge of or other discrimination against a miner because the miner has complained to his employer about a safety violation. The required elements of a prima facie case of discrimination under Sec. 815(c) are well established:
 
 
 8
 It is well settled that to establish a prima facie case of discrimination under Sec. [815(c) ] of the Act, the complaining miner bears the burden of proving that (1) he engaged in protected activity and (2) the adverse action complained of was motivated in any part by said activity. The mine operator may rebut the prima facie case by showing that the miner was not engaged in protected activity or that the adverse action was not motivated in any part by the protected activity.
 
 
 9
 Eastern Associated Coal Corp. v. Federal Mine Safety & Health Review Commission, 813 F.2d 639, 642 (4th Cir.1987). In this case, the ALJ found that petitioner did not carry his burden of proving the second element of a prima facie discrimination claim--that adverse action was taken against petitioner in retaliation for safety complaints.
 
 
 10
 This finding by the ALJ is supported by substantial evidence. Petitioner neither alleged nor offered any evidence that Queen Anne Coal Company took any adverse action against him in retaliation for his claims of safety violations. Even if respondent's apparently conciliatory efforts could be viewed as constituting a constructive discharge of petitioner, there is no evidence that Queen Anne's actions were motivated in any part by petitioner's safety complaints.
 
 
 11
 Accordingly, we AFFIRM the dismissal of petitioner's claim.